RECEIVED
USDC CLERK, CHARLESTON, SC

2006 SEP -5  A 8: 55

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

John K. Moore, #266186,           )    C. A. No. 2:06-0084-SB-RSC
                                  )
        Petitioner,               )
                                  )
    -versus-                      )    **REPORT AND RECOMMENDATION**
                                  )
George T. Hagan, Warden; and      )
Henry McMaster, S.C. Attorney     )
General,                          )
                                  )
        Respondents.              )
_____)

This habeas corpus petition under 28 U.S.C. § 2254 filed July 27, 2005, by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's summary judgment motion filed on March 14, 2006.  28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The petitioner, John K. Moore, is presently confined to Allendale Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Richland County.  At the January 1998 term of the Court of General Sessions, the Lexington County Grand Jury indicted petitioner for eight (8) counts of second degree criminal sexual conduct with a minor ("CSC minor 2nd") (98-GS-32-0557 to -0563 & -0567).  (PCR Supp. App. 1-2; 4-5; 7-8; 10-11; 13-14; 16-17; 19-20; 22-23).  At the June 1999 term of the Court of General Sessions, the Bamburg County Grand Jury indicted petitioner for four (4) counts of CSC minor 2nd (99-GS-05-0079 to

-0082). (PCR App. 351-52; 354-55; 357-58; 360-61). At the February 1998 term of the Court of General Sessions, the Richland County Grand Jury indicted petitioner for CSC minor 2nd, disseminating harmful material to a minor and exhibiting harmful performance to a minor, 1st degree sexual exploitation of a minor, and 3rd degree sexual exploitation of a minor. (98-GS-40-26965, - 27044; -27045; & -29926). (PCR App. 387-88; 392-92; 397-98; 402-03). At the November 1998 term of the Court of General Sessions, the Richland County Grand Jury indicted petitioner for three (3) counts of 3rd degree sexual exploitation of a minor (98-GS-40-36773; -36774; & -36775). (PCR App. 405-06; 408-09; 411-12). At the February 1999 term, the Richland County Grand Jury indicted petitioner for contributing to the delinquency of a minor (99-03-40-38977). (PCR App. 413-14). Finally, at the April 1999 term, the Richland County Grand Jury indicted petitioner for a final count of CSC minor 2nd (99-GS-40-40194). (PCR App. 416-17).

Petitioner was represented at the trial level by attorneys David B. Butler and David A. Fedor. A motions hearing was held before the Honorable James W. Johnson, Jr. on October 13, 1999. (PCR App. 111). The case was called before Judge Johnson on May 1, 2000. (PCR App. 1). After a jury was selected, petitioner agreed to plead guilty pursuant to a negotiated plea. Petitioner executed documents waiving venue for the Lexington and Bamburg cases to be held in Richland County, and also executed a document

2

detailing the negotiated plea. (PCR App. 109; 420-21). Judge Johnson accepted the negotiated plea, and sentenced petitioner according to its terms: twenty (20) years suspended upon the service of sixteen (16) years and probation for the fourteen (14) charges of CSC minor 2nd (PCR App. 353; 356; 359; 362; 389; 418. PCR Supp. App. 3; 6; 9; 12; 15; 18; 21; 24). On Indictment 98-GS-40-27045 for 1st degree sexual exploitation of a minor, petitioner was allowed to plead to 2nd degree exploitation, and received five (5) years. (PCR App. 399). Petitioner also received five (5) years for disseminating harmful material (PCR App. 394), five (5) years for each of the four 3rd degree sexual exploitation charges (PCR App. 404; 407; 410; 413), and three (3) years for contributing to the delinquency of a minor (PCR App. 415). All sentences are concurrent.

Petitioner did not file a direct appeal from his convictions and sentences, but filed an Application for Post-Conviction Relief (PCR) on September 26, 2000, 00-CP-40-3695, in which he raised one ground for relief:

> "1. Denied Sixth Amendment right to effective assistance of counsel. Counsel advised me to plead guilty to offenses I was not guilty of committing."

(PCR App. 231). Petitioner next filed an amended PCR Application, in which he raised the following grounds:

> "1. I would contend the General sessions court did not have subject matter jurisdiction to entertain my criminal case, and sentence me, thus violating

3

>    my rights under the S.C. Const., Art. I § 3, and
>    the 14th Amendment to the United States
>    Constitution.
>
>    2. I would further contend that I received
>    ineffective
>    Assistance of counsel, thus violating my rights
>    under the S.C. Const., Art. I §§ 3 and 14 and the
>    6th and 14th Amendments to the United States
>    Constitution.
>
>    3. I would further contend that my plea of guilty
>    was not knowingly, voluntarily, and intelligently,
>    thus violating my rights under the S.C. Const.
>    Art. I § 3 and the 14th Amendment to the United
>    States Const.

(PCR App. 243).

An evidentiary hearing into the matter was held before the Honorable Howard P. King on May 30, 2002, at which petitioner was present and represented by Charlie J. Johnson, Jr., Esquire. Petitioner called himself and his son, Kevin Moore, to testify; the state called trial counsel Fedor and Butler. On September 9, 2002, Judge King entered an Order of Dismissal in which he rejected Petitioner's claims for relief. (PCR App. 342).

Next, a notice of appeal was filed with the South Carolina Supreme Court from Judge King's Order of Dismissal. Eleanor Duffy Cleary, of the South Carolina Office of Appellate Defense, was appointed to represent petitioner in his PCR appeal, and on July 21, 2003, Cleary filed a "no merit" Johnson Petition for Writ of Certiorari and Petition to be Relieved as Counsel, in which she raised the following issue:

4

> "Whether the plea court lacked subject matter jurisdiction to accept petitioner's guilty plea for criminal sexual conduct with a minor?"

Petitioner filed a pro se petition for a writ of certiorari from the denial of PCR dated November 17, 2003, which asserted the following errors:

> "1. Petitioner's Plea was not entered Knowingly, Intelligently and Voluntarily.
>
> 2. The PCR Judge, PCR Counsel, Appellate Counsel denied Petitioner of Due Process and Equal Protections of the Law by their actions and inactions.
>
> 3. The Trial Court did not have subject matter jurisdiction to accept petitioner's guilty plea.
>
> 4. The Trial Court did not have subject matter jurisdiction to accept petitioner's plea to a "reduced" charge of 2nd degree sexual exploitation of a minor.
>
> 5. Trial Court in the 5th Judicial Circuit did not have subject matter jurisdiction to change the venue for criminal charges pending in the 2nd and 11th Judicial District.
>
> 6. Counsel entered into a conflict of interest by representing petitioner and petitioner's son (Kevin R. Moore).
>
> 7. Trial Counsel was ineffective for filing t object to sentencing and enforce negotiated written plea agreement.
>
> 8. PCR Court erred when it attempted to deny and dismiss petitioner's allegations o f ineffective assistance of counsel without conclusions of law and statement of facts."

On June 2, 2004, the South Carolina Supreme Court issued an Order in which it denied the motion to be relieved and ordered the parties to brief the following issue:

5

> "Was the pleas court divested of subject matter jurisdiction to accept petitioner's plea to the amended Lexington County indictments for criminal sexual conduct with a minor, second degree and the Richland County indictment for sexual exploitation of a minor, first degree?"

Petitioner through Cleary filed a Petition for Writ of Certiorari on November 4, 2004, in which the above issue was raised and the state filed a Return to the Petition for Writ of Certiorari on December 22, 2004. On December 2, 2005, the South Carolina Supreme Court issued an Order in which it granted the Petition for Writ of Certiorari. Petitioner through Cleary then filed a Brief of Petitioner on March 4, 2005, and the state filed a Brief of Respondent on May 4, 2004.

On August 15, 2005, the South Carolina Supreme Court issued an opinion in which it dismissed the petition for writ of certiorari as improvidently granted. Moore v. State, Memo. Op. No. 2005-MO-0039 (S.C. filed August 15, 2005). Petitioner filed a pro se Petition for Rehearing on August 29, 2005, in which he raised the following issues:

> "1. The Court improperly dismissed its grant of certiorari on the issue of whether the trial Court had subject matter jurisdiction over Petitioner's Lexington County indictments for Criminal Sexual Conduct with a Minor, Second Degree.
>
> 2. The Court improperly dismissed its grant of certiorari on the issue of whether the trial Court had subject matter jurisdiction over Petitioner's Richland County indictment for Sexual Exploitation of a Minor, Second Degree.

6

>    3. The Court's Dismissal of certiorari as improvidently granted denied the Petitioner Due Process."

The Petition for Rehearing was denied on September 22, 2005, and the Remittitur was sent down that same day.

The record before the court contains the following:

>    (1) Appendix, containing: Guilty Plea Transcript (May 1, 2000); Forensic Evaluation; Report of Finding Mental Capacity; Negotiated Plea; Trial Transcript (October 1, 1999); APCR; Return; Amended APCR; PCR Hearing Transcript; Exhibit A-1; Order of Dismissal; Clerk of Court Records; and South Carolina Department of Corrections Records;
>    (2) Supplemental Appendix, containing: Clerk of Court Records;
>    (3) Pro se Proposed Order, dated June 3, 2002;
>    (4) Johnson Petition for Writ of Certiorari, dated July 21, 2003;
>    (5) Pro se Petition for Writ of Certiorari, dated November 17, 2003;
>    (6) Order Denying Petition to be Relieved and Directing Petitioner to file a Petition, dated June 2, 2004;
>    (7) Petition for Writ of Certiorari, dated November 4, 2004;
>    (8) Return to Petition for Writ of Certiorari, dated December 22, 2004;
>    (9) Order Granting Petition for Writ of Certiorari, dated February 2, 2005;
>    (10) Brief of Petitioner, dated March 4, 2005;
>    (11) Brief of Respondent, dated May 4, 2005;
>    (12) S.C. S.Ct. Memo. Op. No. 2005-MO-039, filed August 15, 2005;
>    (13) Pro se Petition for Rehearing, dated August 25, 2005;
>    (14) Order Denying Petition for Rehearing, dated September 22, 2005; and
>    (15) Remittitur, dated September 22, 2005.

The respondents filed their motion for summary judgment on March 14, 2006, and the petitioner was provided a copy of the motion the same day, and was given an explanation of dismissal

7

and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). The petitioner opposed the motion on May 30, 2005. Hence it appears consideration of the motion is appropriate.

## GROUNDS FOR RELIEF

In his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, the petitioner raised the following challenges to his conviction:

> "Ground One: Petitioner's right to effective assistance of counsel as guaranteed by the Sixth Amendment was violated where counsel engaged in a conflict of interest.
>
> Ground Two: Petitioner's right to effective assistance of counsel as guaranteed by the Sixth Amendment was violated where counsel failed to properly litigate a suppression motion for the Petitioner's statement to police.
>
> Ground Three: Petitioner's right to effective assistance of counsel as guaranteed by the Sixth Amendment was violated where counsel failed to properly litigate a suppression motion based on illegal search of Petitioner's house.
>
> Ground Four: Petitioner's right to effective assistance of counsel as guaranteed by the Sixth Amendment was violated where counsel failed to object to amendments of the Lexington County indictments.
>
> Ground Five: Petitioner's right to the effective assistance of counsel as guaranteed by the Sixth Amendment was violated where counsel failed to object to the indictments where none of them were filed with respective clerks of court.

> Ground Six: Petitioner's right to effective assistance of counsel as guaranteed by the Sixth Amendment was violated where counsel allowed Petitioner to waive venue of the Bamberg County charges without the indictments being presented to the grand jury.
>
> Ground Seven: Petitioner's right to be free from double jeopardy as guaranteed by the Fifth Amendment was violated where he was indicted in Lexington County for the same offense multiple times.
>
> Ground Eight: Petitioner's right to fair notice as guaranteed by the Due Process Clause of the Fourteenth Amendment was violated where the State Supreme Court applied a change of law retroactively to Petitioner's case while on appeal from his PCR."

(Petitioner's Petition pp. 6 - 12).

A review of the record and relevant case law reveals the Petitioner is not entitled to habeas relief. All, save one, of petitioner's claims are unexhausted and therefore procedurally bypassed. His remaining exhausted claim does not entitle him to habeas relief.

### THE EXHAUSTION REQUIREMENT AND PROCEDURAL BYPASS

Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that-
> (A) the applicant has exhausted the remedies available in the courts of the State; or

> (B)(I) there is either an absence of available State corrective process; or
> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that a petitioner pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.

The United States Supreme Court has consistently enforced the exhaustion requirement. The exhaustion doctrine existed long before its codification by Congress in 1948. In <u>Ex parte Royall</u>, 117 U.S. 241, 251 (1886), the Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act. <u>See</u>, <u>Rose v. Lundy</u>, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See, SCAR 207 and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See, S.C.Code Ann. § 17-27-10 et. seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S.C.Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C.Code Ann. § 17-27-45.

In short, when the petition for habeas relief is filed in the federal court, the court will review on the merits only those issues which were squarely presented to the South Carolina Supreme Court through direct appeal or through an application for a writ of certiorari from the denial of a PCR application.

Next, exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the

11

state courts.  If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition.  The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts.  Smith v. Murray, 477 U.S. 527, 533 (1986).  Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion.  The two routes of appeal in South Carolina are described above, specifically, direct appeal and appeal from PCR denial.  The South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time.  Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  State procedural rules promote "... not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case."  Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Further, since the requirement of exhaustion is not

12

jurisdictional, a court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. See, Granberry v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

Here, petitioner exhausted and did not procedurally bypass only Ground One here, "Petitioner's right to effective assistance of counsel as guaranteed by the Sixth Amendment was violated where counsel engaged in a conflict of interest." That ground was raised and ruled upon in the PCR and again raised in the petitioner's pro se petition in the South Carolina Supreme Court for a writ of certiorari from the denial of PRC relief as question 6. The South Carolina Supreme Court denied discretionary review of the issue.

All other claims were either not squarely presented or not ruled upon in the PCR, or not raised in the petitioner's pro se petition or in counsel's petition in the South Carolina Supreme Court for a writ of certiorari from the denial of PRC relief. Additionally, petitioner has not demonstrated cause for his default or prejudice therefrom and there is no showing of actual innocence to allow the court to review the claims. This court should decline to review any other claims on the merits.

## HABEAS STANDARD OF REVIEW

The present habeas corpus petition was filed in January 2006. Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. Lindh v. Murphy, 117 S.Ct. 2059 (1997). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding.  28 U.S.C. § 2254 (d)(1)(2).

The first requirement has been explained by the United States Supreme Court in <u>Williams v. Taylor</u>, 120 S.Ct. 1495 (2000)(plurality opinion).  Writing for a plurality of the Court, Justice O'Connor held that,

> ... § 2254(d)(1) places a new constraint on the power of a federal habeas corpus court to grant a state habeas petitioner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1) the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) 'was contrary to. . . clearly established federal law as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of . . . clearly established Federal law as determined by the Supreme Court of the United States.'

<u>Id.</u> at 1523 (O'Connor, J., concurring in judgment).

With respect to the "unreasonable application" clause, Justice O'Connor further explained that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  <u>Id.</u> at 1522.

15

In sum, the AEDPA amendments exalt the role that a state court's decision plays in a habeas decision by specifically directing the federal court to make the state court decision the starting point of federal review; only if that decision deviates from the paradigm recited in § 2254(d) can a habeas court grant relief.

## DISCUSSION

Keeping in mind these deferential standards, consideration of petitioner's claim is appropriate. Petitioner contends he received ineffective assistance of counsel because his counsel had a conflict of interest due to the fact that one of his lawyers, David Butler, also represented petitioner's son, Kevin Moore, on unrelated charges, and petitioner's son was on the witness list of the state in the case against petitioner.

The PCR court denied relief and found that trial counsel's testimony was credible and that petitioner and petitioner's son's testimony was not credible. The court is to presume the state court's factual findings to be sound unless petitioner rebuts the "presumption of correctness by clear and convincing evidence." Miller-El v. Dretke, 545 U.S. 231, 125 S.Ct. 2317, 2325 (2005) (quoting 28 U.S.C. § 2254(e)(1)). Petitioner has made no showing that rebuts the presumption that his lawyer's testimony is credible and that he and his son's testimony is not, much less presented clear and convincing evidence that the PCR judge was wrong. Crediting counsel's testimony, Judge King then properly

16

found that there was no conflict of interest and that petitioner received effective assistance of counsel.

### INEFFECTIVE ASSISTANCE OF COUNSEL AND CONFLICTS

"[I]t is clearly established that the Sixth Amendment right to effective assistance includes the right to representation free from conflicts of interest." Cuyler v. Sullivan, 446 U.S. 335, 348-50, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)). To establish a violation of this right, "a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Id. at 348, 100 S.Ct. 1708.

### PETITIONER'S CLAIM

Here there was simply no demonstration that an actual conflict of interest affected Butler's representation of Petitioner. At PCR, petitioner testified that trial counsel Butler also represented his son Kevin on unrelated charges. Petitioner claimed Butler tried to "pressure" him into pleading guilty on his own charges with the promise that the prosecution would go easier on his son if he did. (PCR App. 275-76; 280-81). Petitioner denied that Butler ever made him aware of any conflict of interest. (PCR App. 284).

Petitioner's son also testified at the PCR hearing and claimed that Butler told him that if petitioner pled guilty and

17

was sentenced to sixteen years[1], the son would get "shock incarceration". Kevin stated that the week his father pled, he also pled and received shock incarceration. However, Kevin admitted that he had very little conversation with his father about this alleged deal, and admitted he never talked with the solicitor about the deal. Kevin also admitted that the solicitor tried to talk to him about petitioner's case but he refused, and he stated that he did not recall ever telling the solicitor anything that would hurt his father's case. Indeed, Kevin admitted telling police that the pornography on his father's computer had been put there by one of Kevin's friends rather than by his father. (PCR App. 292-300).

Trial counsel Fedor testified that he was completely unaware of any deal whereby the son would receive lesser punishment if petitioner pled guilty. (PCR App. 305). Similarly, trial counsel Butler denied any such arrangement. Butler stated that Petitioner called him down to the courthouse and asked him to represent Kevin on the unrelated charges against him. They discussed in detail the fact that Kevin had talked to police, and counsel stated he disclosed to petitioner any possible conflicts. According to counsel Butler, petitioner was a highly intelligent and articulate man and knew exactly what he was doing when he hired Butler for Kevin. Counsel Butler also noted that there was

---

[1] The evidence against the petitioner was overwhelming and he was facing a sentence of well over one hundred years if convicted.

no possibility that Kevin was going to be called by the prosecution because the state knew that Kevin would have given testimony which would have "exonerated" petitioner. (PCR App. 308-11; 322-24).

Crediting counsel's testimony over petitioner's and his son's testimony, it appears that it was entirely proper to conclude that Butler's representation of petitioner's son did not adversely affect his performance. On the record here, it cannot be said that the South Carolina court's adjudication of this ground resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding or resulted in a decision that was contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law. The petitioner is not entitled to habeas relief. 28 U.S.C. § 2254(d)(1)(2).

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the respondents' motion for summary judgment be granted and this matter ended.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
September 1, 2006

19

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
&
The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, <u>but not thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402