UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John K. Moore, #266186, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 2:06-0084-SB-RSC |
| ) | |
| v. ) | **ORDER** |
| ) | |
| George T. Hagan; and Henry ) | |
| McMaster, Attorney General of ) | |
| the State of South Carolina, ) | |
| ) | |
| Respondents. ) | |



This matter is before the Court upon Petitioner John K. Moore's ("Moore" or "the Petitioner") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The record includes a Report and Recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b). In the R&R, filed on September 5, 2006, Magistrate Judge Robert S. Carr recommends that the Court grant the Respondents' motion for summary judgment. Attached to the R&R was a notice advising the Petitioner of his right to file written objections to the R&R within ten days of being served with a copy of that report. See 28 U.S.C. § 636(b)(1). Under Rule 6(e) of the Federal Rules of Civil Procedure, three days are added to this ten-day period. Therefore, excluding the intermediate Saturdays and Sundays as provided under Rule 6(a) of the Federal Rules of Civil Procedure, the Petitioner's objections were due on September 22, 2006. Here, the Petitioner's objections were postmarked on September 25, 2006, and filed with the Court on September 28, 2006. Thus, the Court believes that the Petitioner's objections are untimely. Nevertheless, in the interest of fairness, the Court will consider the merits of the Petitioner's objections.

## BACKGROUND

The Petitioner is presently confined at the South Carolina Department of Corrections' Allendale Correctional Institution pursuant to orders of commitment from the Clerk of Court for Richland County. At the January 1998 term of the Court of General Sessions, the Lexington County Grand Jury indicted the Petitioner on eight counts of second degree criminal sexual conduct with a minor ("CSC minor second"). At the February 1998 term of the Court of General Sessions, the Richland County Grand Jury indicted the Petitioner on CSC minor second, disseminating harmful material to a minor and exhibiting harmful performance to a minor, first degree sexual exploitation of a minor, and third degree sexual exploitation of a minor. At the November 1998 term of the Court of General Sessions, the Richland County Grand Jury indicted the Petitioner on three counts of third-degree sexual exploitation of a minor. At the February 1999 term, the Richland County Grand Jury indicted the Petitioner for contributing to the delinquency of a minor. At the April 1999 term of the Court of General Sessions, the Richland County Grand Jury indicted the Petitioner for CSC minor second. Then, at the June 1999 term of the Court of General Sessions, the Bamberg County Grand Jury indicted the Petitioner on four counts of CSC minor second.

Attorneys David B. Butler and David A. Fedor represented the Plaintiff at the trial level. The case was called before Judge James Johnson, Jr. on May 1, 2000, but after a jury had been selected, the Petitioner agreed to plead guilty pursuant to a negotiated plea. The Petitioner executed documents waiving venue for the Lexington and Bamberg County cases to be held in Richland County, and the Petitioner also executed a document detailing the negotiated plea. Judge Johnson accepted the negotiated plea and sentenced the

Petitioner to twenty years suspended upon the service of sixteen years and probation for the fourteen charges of CSC minor second. With respect to the indictment charging the Petitioner with first-degree sexual exploitation of a minor (Indictment No. 98-GS-40-27045), the Petitioner was allowed to plead to second degree exploitation, and he received five years. The Petitioner also received five years for disseminating harmful material to a minor; five years for each of the four third degree sexual exploitation charges, and three years for contributing to the delinquency of a minor. All of the sentences are concurrent.

The Petitioner did not file a direct appeal; however, on September 26, 2000, he filed an application for post-conviction relief ("PCR"), raising as his sole ground for relief: "Denied Sixth Amendment right to effective assistance of counsel. Counsel advised me to plead guilty to offenses I was not guilty of committing." (App. at 231.) The Petitioner later filed an amended petition, wherein he raised the following grounds:

1. I would contend the General Sessions court did not have subject matter jurisdiction to entertain my criminal case, and sentence me, thus violating my rights under the S.C. Constitution, Art. 1 § 3 and the 14th Amendment to the United States Constitution.

2. I would further contend that I received ineffective assistance of counsel, thus violating my rights under the S.C. Constitution, Art. I §§ 3 and 14 and the 6th and 14th Amendments to the United States Constitution.

3. I would further contend that my plea of guilty was not knowingly, voluntarily, and intelligently, thus violating my rights under the S.C. Constitution Art. I § 3 and the 14th Amendment to the United States Constitution.

(App. at 243.)

On May 30, 2002, the Honorable Howard P. King held an evidentiary hearing on the Petitioner's PCR. The Petitioner appeared at the hearing and was represented by his

retained counsel, Charlie J. Johnson, Jr. The Petitioner called himself and his son, Kevin Moore, to testify at the hearing; the State called the Petitioner's trial attorneys, Fedor and Butler. The Petitioner filed a *pro se* proposed order on June 3, 2002, in which he raised the following issues: subject matter jurisdiction, double jeopardy, denial of direct appeal, and ineffective assistance of counsel. Ultimately, on September 9, 2002, Judge King issued an order of dismissal rejecting the Petitioner's claims.

The Petitioner then filed a notice of appeal to the South Carolina Supreme Court, and attorney Eleanor Duffy Cleary of the South Carolina Office of Appellate Defense was appointed to represent the Petitioner. On July 21, 2003, Cleary filed a "no merit" <u>Johnson</u> petition for a writ of certiorari and petition to be relieved as counsel, in which she raised the following issue: "Whether the plea court lacked subject matter jurisdiction to accept petitioner's guilty plea for criminal sexual conduct with a minor." (Supp. App.)

The Petitioner also filed a *pro se* petition for a writ of certiorari, dated November 17, 2003, wherein the Petitioner alleged the following errors:

1. Petitioner's Plea was not entered Knowingly, Intelligently and Voluntarily.
2. The PCR Judge, PCR Counsel, Appellate Counsel denied petitioner of Due Process and Equal Protections of the Law by their actions and inactions.
3. The Trial Court did not have subject matter jurisdiction to accept petitioner's guilty plea.
4. The Trial Court did not have subject matter jurisdiction to accept petitioner's plea to a "reduced" charge of 2nd degree sexual exploitation of a minor.
5. Trial Court in the 5th Judicial Circuit did not have subject matter jurisdiction to change the venue for criminal charges pending in the 2nd and 11th Judicial Circuits.
6. Counsel entered into a conflict of interest by representing petitioner and petitioner's son (Kevin R. Moore).
7. Trial counsel was ineffective for failing to object to sentencing and enforce negotiated written plea agreement.

4

> 8. PCR Court erred when it attempted to deny and dismiss petitioner's allegations of ineffective assistance of counsel without conclusions of law and statement of facts.

(Supp. App.)

On June 2, 2004, the South Carolina Supreme Court issued an order denying Cleary's petition to be relieved as counsel and directing the parties address the following question:

> Was the plea court divested of subject matter jurisdiction to accept petitioner's plea to the amended Lexington County indictments for criminal sexual conduct with a minor, second degree and the Richland County indictment for sexual exploitation of a minor, first degree?

The Petitioner, through counsel, filed another petition for a writ of certiorari on November 4, 2004, addressing the issue set forth by the Supreme Court. The State filed a return to the petition, and on December 2, 2005, the South Carolina Supreme Court issued an order granting the petition for a writ of certiorari. The Petitioner and the State both filed briefs on March 4, 2005, and May 4, 2005, respectively.

Then, on August 15, 2005, the Supreme Court issued an opinion dismissing the Petitioner's petition for a writ of certiorari as improvidently granted. Moore v. State, Memo. Op. No. 2005-MO-0039 (S.C. filed Aug. 15, 2005). The Petitioner filed a *pro se* petition for rehearing on August 29, 2005, in which he raised the following issues:

> 1. The Court improperly dismissed its grant of certiorari on the issue of whether the trial Court had subject matter jurisdiction over Petitioner's Lexington County indictments for Criminal Sexual Conduct with a Minor, Second Degree.
> 2. The Court improperly dismissed its grant of certiorari on the issue of whether the trial court had subject matter jurisdiction over Petitioner's Richland County indictment for Sexual Exploitation of a Minor, Second Degree.
> 3. The Court's Dismissal of certiorari as improvidently granted denied the Petitioners [sic] Due Process.

5

(Supp. App.) On September 22, 2005, the South Carolina Supreme Court denied the Petitioner's petition for rehearing, and the remittitur was sent down the same day.

On January 12, 2006, the Petitioner filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, he raises the following grounds:

1. Petitioner's right to effective assistance of counsel as guaranteed by the Sixth Amendment was violated where counsel engaged in a conflict of interest.
2. Petitioner's right to effective assistance of counsel as guaranteed by the Sixth Amendment was violated where counsel failed to properly litigate a suppression motion for the Petitioner's statement to police.
3. Petitioner's right to effective assistance of counsel as guaranteed by the Sixth Amendment was violated where counsel failed to properly litigate a suppression motion based on illegal search of Petitioner's house.
4. Petitioner's right to effective assistance of counsel as guaranteed by the Sixth Amendment was violated where counsel failed to object to amendments of the Lexington County indictments.
5. Petitioner's right to the effective assistance of counsel as guaranteed by the Sixth Amendment was violated where counsel failed to object to the indictments where none of them were filed with the respective clerks of court.
6. Petitioner's right to effective assistance of counsel as guaranteed by the Sixth Amendment was violated where counsel allowed Petitioner to waive venue of the Bamberg County charges without the indictments being presented to the grand jury.
7. Petitioner's right to be free from double jeopardy as guaranteed by the Fifth Amendment was violated where he was indicted in Lexington County for the same offense multiple times.
8. Petitioner's right to fair notice as guaranteed by the Due Process Clause of the Fourteenth Amendment was violated where the State Supreme Court applied a change in law retroactively to Petitioner's case while on appeal from his PCR.

On March 14, 2006, the Respondents filed a motion for summary judgment, and the Petitioner responded on May 30, 2006. Subsequently, the Magistrate Judge issued an R&R, recommending that the Court grant the Respondents' motion for summary judgment. As previously set forth, the Petitioner filed untimely objections to the R&R; however, in the

6

interest of fairness the Court will consider the merits of the Petitioner's objections.

## STANDARD OF REVIEW

### I. Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

### II. The Magistrate Judge's R&R

The Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). Here, the Magistrate Judge determined that all but one of the Petitioner's claims were procedurally defaulted and subject to dismissal.[1] With respect to the Petitioner's non-defaulted claim

---

[1] Because federal courts lack the power to "review a state law determination that is sufficient to support the judgment," a federal court may not "review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991). In the habeas corpus context, a federal court may not review a petitioner's federal claims if a state court declined to address the substance of those claims because the petitioner failed to comply with a state procedural rule. Wainwright v. Sykes, 433 U.S. 72, 87 (1977). This so -called "procedural default"

(that his counsel was ineffective for operating under a conflict of interest), the Magistrate Judge determined that the South Carolina court's adjudication of this issue resulted in a reasonable application of the facts in light of the evidence presented and did not involve an unreasonable application of federal law. Thus, the Magistrate Judge recommended that the Court grant the Respondents' motion for summary judgment.

### III.    The Petitioner's Objections

In his objections to the R&R, the Petitioner objects to the Magistrate Judge's conclusion that all but one of his claims were procedurally defaulted. In support of his objection, the Petitioner refers to his 26-page pro se petition for a writ of certiorari, which he filed with the South Carolina Supreme Court after his attorney filed a Johnson petition raising the sole issue of "[w]hether the plea court lacked subject matter jurisdiction to accept petitioner's guilty plea for criminal sexual conduct with a minor." In his 26-page pro se petition, the Petitioner set forth the following as the "Issues Presented":

 1. Petitioner's Plea was not entered Knowingly, Intelligently and Voluntarily.
 2. The PCR Judge, PCR Counsel, Appellate Counsel denied petitioner of Due Process and Equal Protections of the Law by their actions and inactions.
 3. The Trial Court did not have subject matter jurisdiction to accept petitioner's guilty plea.
 4. The Trial Court did not have subject matter jurisdiction to accept petitioner's plea to a "reduced" charge of 2nd degree sexual exploitation of a minor.
 5. Trial Court in the 5th Judicial Circuit did not have subject matter jurisdiction to change the venue for criminal charges pending in the 2nd and 11th Judicial Circuits.

---

may be overcome by demonstrating cause for failing to adhere to a state procedural requirement and prejudice resulting from that failure, or by establishing actual innocence. Coleman, 501 U.S. at 750; Wainwright, 433 U.S. at 87; Murray v. Carrier, 477 U.S. 478 (1986).

    6.    Counsel entered into a conflict of interest by representing petitioner and petitioner's son (Kevin R. Moore).
    7.    Trial counsel was ineffective for failing to object to sentencing and enforce negotiated written plea agreement.
    8.    PCR Court erred when it attempted to deny and dismiss petitioner's allegations of ineffective assistance of counsel without conclusions of law and statement of facts.

In his objections, however, the Petitioner maintains that his pro se petition raised issues not specifically set forth in the "Issues Presented" section. The Petitioner states that he sufficiently raised all of the grounds raised in his habeas corpus petition except the double jeopardy and fair notice/due process grounds (Grounds 7 and 8). (Obj. at 2.) With respect to his fair notice/due process ground, the Petitioner asserts that he can demonstrate cause and prejudice to excuse the procedural default.

After a review of the entire record, including the R&R and the Petitioner's objections, the Court believes that the Petitioner failed to squarely present a number of his claims before this Court to the state court. Nevertheless, giving the Petitioner the benefit of every doubt and construing his 26-page pro se petition for a writ of certiorari liberally, the Court will consider the merits of the Petitioner's ineffective assistance claims (grounds 1 through 6) as though these claims were not procedurally defaulted. With respect to the Petitioner's final two claims (double jeopardy and fair notice/due process claims), the Court finds that these claims were procedurally defaulted, and therefore, the Court will consider whether the Petitioner can establish cause and prejudice to excuse the procedural default before considering the merits of these claims.

## DISCUSSION

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court held that a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's

performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Id. at 687-98. The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so as not to "second-guess" the performance. Strickland, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted); see also Fields v. Attorney General of Maryland, 956 F.2d 1290, 1297-99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice in the context of a guilty plea and thereby fulfill the second prong of the ineffective assistance test, the challenging defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 58. This determination is an objective one based on whether going to trial might reasonably have resulted in a different outcome. Id. at 59-60.

Also, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief is warranted with respect to those claims adjudicated on the merits by the state court only if the petitioner can demonstrate that the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. Id. at 404-05. A federal habeas court may issue the writ under the

"contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. Id. at 405-06. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principles from our decisions but unreasonably applies it to the facts of the particular case. Id. at 407-08. "The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable." Woodford v. Visciotti, 537 U.S. 19, 27 (2002). "An 'unreasonable application' of federal law is different from an incorrect application of federal law." Id. at 25.

Furthermore, "28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." Marshall v. Lonberger, 459 U.S. 422, 434 (1983). Instead, the only challenges left open in a habeas corpus petition after a guilty plea are the nature of the advice of counsel to plead and the nature of the plea as voluntary and intelligent. See Hill v. Lockhart, 474 U.S. 52, 56 (1985); Tollett v. Henderson, 411 U.S. 258, 267 (1973). Moreover, a guilty plea forecloses consideration of constitutional deprivations in federal habeas corpus petitions where the alleged deprivations occurred prior to the entry of the guilty plea. Tollett, 411 U.S. at 267.

I.   **The Petitioner's First Six Grounds Alleging Ineffective Assistance of Counsel**
     **Ground One: Conflict of Interest**

In his § 2254 petition, the Petitioner first asserts that his right to the effective

11

assistance of counsel was violated because his attorney engaged in a conflict of interest. Specifically, the Petitioner asserts that his attorney represented him at the same time that he represented his son on unrelated charges, when his son was listed as a potential witness for the state, thereby creating a conflict of interest. The Petitioner raised this ground in his PCR, but the PCR court denied relief, determining that the Petitioner failed to show that an actual conflict existed. Additionally, the PCR court did not find the Petitioner's testimony or his son's testimony credible; however, the PCR court did find the Petitioner's attorneys' testimony credible and gave it great weight.

In the R&R, the Magistrate Judge addressed the merits of this claim and determined that the Petitioner made no showing to rebut the state court's factual findings regarding credibility. The Magistrate Judge summarized the testimony presented at the PCR hearing and determined that the South Carolina court's decision reflected a reasonable application of the facts in light of the evidence presented and did not amount to an unreasonable application of clearly established federal law. In his objections to the R&R, however, the Petitioner asserts that the PCR court's failure to find a conflict of interest constitutes an unreasonable application of the court's factual findings.

After a review of the record, including the transcript of the PCR hearing and the PCR court's order of dismissal, this Court disagrees with the Petitioner and agrees with the Magistrate Judge that given the highly deferential standard for federal review of this issue, the Petitioner is not entitled to relief. Stated simply, the Court finds that the state court was not objectively unreasonable in finding that the Petitioner failed to establish an actual conflict of interest or that any conflict actually adversely affected his attorney's representation. As the Magistrate Judge stated:

12



> Crediting counsel's testimony over petitioner's and his son's testimony, it appears that it was entirely proper [for the state court] to conclude that Butler's representation of petitioner's son did not adversely affect his performance. On the record here, it cannot be said that the South Carolina court's adjudication of this ground resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding or resulted in a decision that was contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law. The petitioner is not entitled to habeas relief.

(R&R at 19.) As a result, this claim is denied.

### Ground Two: Suppression of the Petitioner's Statement to Police

As his second ground for relief, the Petitioner asserts that his counsel was ineffective for failing to properly litigate a motion to suppress the Petitioner's statement to police. On October 13, 1999, at a pre-trial hearing, the Petitioner's counsel moved to suppress the Petitioner's statement based on the fact that the Petitioner was improperly medicated at the time of the statement and therefore did not give it voluntarily. The Court denied the motion to suppress and found that the Petitioner was advised of his rights and gave the statement freely and voluntarily. The Petitioner asserts in his § 2254 petition that his attorney should have argued that the Petitioner had invoked his right to counsel prior to making the alleged statement, thereby rendering it invalid.

At the pre-trial hearing, Officer Dave Wilson testified that he placed the Petitioner under arrest and orally Mirandized the Petitioner. According to Wilson, after being Mirandized, the Petitioner told him that the pornographic pictures found on his computer had come through America Online, and the Petitioner did not deny having sexual relations with the child. At some point on the way to the sheriff's department, the Petitioner stated that he did not want to talk without a lawyer and the conversation ceased. Then, according



13

to Wilson, the Petitioner initiated conversation and began asking questions about the case and the charges against him. Wilson asked the Petitioner whether he wished to proceed without an attorney, and the Petitioner indicated that he did. Upon arriving at the sheriff's department, Wilson again advised him of his rights using a standard form for interrogation, which the Petitioner signed, indicating that he wished to waive his rights. After signing this form, the Petitioner gave a statement which was reduced to writing.

After a review of the record, the Court finds that this ground fails on the merits. As a practical matter, although counsel may not have argued specifically that the Petitioner did not re-initiate the conversation after invoking his right to counsel, the record indicates that the court considered this circumstance, along with the circumstances specifically argued by the Petitioner's counsel, and ultimately determined that the Petitioner's statement was freely and voluntarily given. Because the trial court considered the Petitioner's statement that he did not wish to proceed without counsel, counsel cannot have been deficient for failing to specifically argue this issue. Furthermore, after the Petitioner allegedly invoked his right to counsel, he was re-Mirandized and even signed a written statement waiving his rights before making his most damaging statement. The trial court credited the officer's testimony, and a review of the record lends support to the trial court's determination that the Petitioner's statement was freely and voluntarily given. This Court finds that the trial court's determination was reasonable in light of the evidence presented, and therefore, this claim is denied.

### Ground Three: Suppression of Results of Allegedly Illegal Search

As a third ground for relief, the Petitioner asserts that his counsel was ineffective for failing to properly litigate a suppression motion based on an allegedly illegal search of his

home. Specifically, the Petitioner asserts that the affidavit supporting the initial search was based upon a sworn statement of the victim that does not exist.

On October 13, 1999, during a pre-trial hearing, the Petitioner's counsel moved to suppress evidence obtained by police during the search of the Petitioner's computer, arguing that the police failed to serve the second search warrant on the Petitioner while he was in jail. The judge denied the motion.

At the PCR hearing, the Petitioner argued that his attorney was ineffective for failing to argue that the initial search warrant was invalid because the affidavit in support of the warrant was based upon a sworn statement that does not exist. The PCR judge generally rejected the Petitioner's claim, and the Petitioner raised this issue in his pro se brief, but the Supreme Court did not grant certiorari on this issue.

After a review of the entire record, the Court finds this claim without merit. As an initial matter, the Petitioner offers no evidence to support his claim that the initial warrant was somehow defective. In fact, neither the initial warrant, nor the affidavit or the victim's statement were made a part of the record before the PCR court. As such, the PCR's general denial of this claim was objectively reasonable. In addition, even if the initial warrant was somehow defective, the second warrant specifically covering the computer was sufficient even though it was not served on the Petitioner while in jail, as South Carolina precedent provides that police officers are not required to seek out an absent owner of property who is in jail and serve him with a warrant in order for the evidence to be admissible. Based on the foregoing, the Court finds that the Petitioner cannot establish that his counsel's performance was deficient or that it prejudiced him with respect to this claim. The state court's determination that the evidence was admissible was objectively

reasonable, and this claim is denied.

### Ground Four: Amendment of the Lexington County Indictments

As a fourth ground for relief, the Petitioner argues that his counsel was ineffective for failing to object to amendments of the Lexington County indictments. Although the Court believes that this ground was procedurally defaulted, it is clear that the claim fails on the merits because the Petitioner cannot establish both prongs of the Strickland test. First, the Petitioner cannot demonstrate that his counsel's performance was deficient as his counsel helped the Petitioner acquire a very favorable plea agreement in light of the numerous charges faced by the Petitioner. Specifically, the plea agreement resolved over twenty serious charges faced by the Petitioner in three counties and resulted in sixteen active years in prison when the Petitioner potentially faced more than 313 years. Thus, even if the Petitioner could demonstrate that his counsel's performance was somehow deficient, the Petitioner still cannot establish the prejudice, namely, that he would not have pleaded guilty and would have instead insisted on going to trial.

Moreover, to the extent that this ground involves a challenge to the state court's subject matter jurisdiction, the question of subject matter jurisdiction is one for adjudication solely by the state, and may only be addressed on federal habeas review if it is shown to be "a violation of the defendant's most fundamental rights." Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998). The Petitioner has made no such showing here, and thus this Court will not address the matter further. This claim is denied.

### Ground Five: Objection to Indictments Not Filed with the Clerk of Court



Like his fourth ground for relief, the Court believes that the Petitioner's fifth ground

16

was procedurally defaulted. Regardless, the claim cannot survive a review on the merits because the Petitioner again cannot establish both prongs of the <u>Strickland</u> test. The Petitioner cannot demonstrate that his counsel's performance was deficient where the alleged failure to have the indictments filed reflects an administrative defect and not a jurisdictional one. The allegedly faulty indictments were true-billed by the grand jury and given docket numbers by the clerk, and there is nothing to support a claim that the Petitioner was not properly indicted. Second, even if the Petitioner could establish that his counsel's performance was somehow deficient in this respect, the Petitioner still cannot establish the prejudice prong of the <u>Strickland</u> test, and as a result, this claim is denied.

### Ground Six: Waiver of Venue

Again, the Court believes that the Petitioner's sixth ground was procedurally defaulted; regardless, a review of the record indicates that the claim fails on the merits because the Petitioner cannot establish either prong of the <u>Strickland</u> test. The Petitioner waived venue orally and in writing, and venue is not a jurisdictional issue. As such, the Petitioner cannot establish that his attorney was deficient for failing to raise the issue or that he was prejudiced by any such failure. This claim is denied.

### III.     The Petitioner's Final Two Grounds

### Ground Seven: Double Jeopardy

As his seventh ground for relief, the Petitioner argues that his right to be free from double jeopardy was violated. However, the Petitioner admits in his objections to the R&R that he did not present this issue in the state PCR proceedings, and the Petitioner makes no attempt establish the requisite "cause and prejudice" to excuse the procedural default.

17

See Coleman, 501 U.S. at 750; Wainwright, 433 U.S. at 87; Murray v. Carrier, 477 U.S. 478 (1986). Nevertheless, even if this claim had not been procedurally defaulted, this claim would fail in light of the Petitioner's free and voluntary guilty plea. This claim is denied.

### Ground Eight: Fair Notice/Due Process Violation

As his final ground for relief, the Petitioner asserts that his right to fair notice as guaranteed by the Fourteenth Amendment was violated where the South Carolina Supreme Court applied a change in law retroactively to his case was on appeal from his PCR. The Petitioner admits in his objections to the R&R that he did not present this claim in the state PCR proceedings; however, he asserts that he can establish "cause and prejudice" for his failure to raise the claim. See Coleman, 501 U.S. at 750; Wainwright, 433 U.S. at 87; Murray v. Carrier, 477 U.S. 478 (1986). Essentially, the Petitioner asserts that the South Carolina Supreme Court's denial of his petition for a writ of certiorari forms the basis of this claim, and therefore, he could not have raised it until this point. Unfortunately for the Petitioner, however, even if he can establish cause and prejudice for his failure to raise this claim below, the Court finds that this claim is not a proper basis for habeas corpus relief. This claim does not involve a challenge to the advice of counsel to plead guilty. Nor does it involve a challenge to the nature of the plea as voluntary and intelligent. The Petitioner's claim regarding the South Carolina Supreme Court's determination that certiorari had been improvidently granted on his subject matter jurisdiction issue is simply not a cognizable claim under federal habeas corpus, and therefore, this claim is denied.



18

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the R&R is adopted in result only; the Respondents' motion for summary judgment is granted; the Petitioner's § 2254 petition is denied; and any remaining motions are denied as moot.

**IT IS SO ORDERED**.

The Honorable Sol Blatt, Jr.
Senior United States District Judge

August 29, 2007
Charleston, South Carolina

#19